UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DIAZ,

        Plaintiff,                               CASE NUMBER: 05-70928
                                                    HONORABLE VICTORIA A. ROBERTS

v.

ANTHONY ROMITA, BRIAN SYWAK
and ERIC OKE,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER ALLOWING ENTRY ONTO NON-PARTY'S PREMISES TO VIDEOTAPE LIMITED INTERIOR AREA AND PROTECTIVE ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Order Allowing Entry Onto Non-Party's Premises to Videotape Limited Interior Area of Premises. The Court **GRANTS** the motion.

**II.    BACKGROUND**

This action is brought by, William Diaz ("Plaintiff"). Defendants Anthony Romita, Brian Sywak and Eric Oke ("Defendants"; "Romita", "Sywak" or "Oke") are correctional officers employed by the Macomb County Sheriff's Department.

On October 27, 2005, Plaintiff was an inmate in the Macomb County Jail and housed on Floor 8/9. The double floor is divided into four units or 'pods'- A, B, C and D. Each pod

1

contains several cells; Plaintiff's cell was located in the 'D' unit. On October 27, around 9:45 p.m., Sywak ordered the inmates housed in 'D' unit to lock down. He and Romita then entered the 'D' unit. Plaintiff alleges that Defendant Oke placed the electronic security doors on override, contrary to jail policy, which allowed Defendants Romita and Sywak immediate access to Plaintiff's cell. Witness testimony indicates that after entering Plaintiff's cell, Defendants Romita and Sywak assaulted and battered Plaintiff. Plaintiff reported the assault and was taken to the medical unit for treatment. Plaintiff filed this action for assault and battery, concert of action, conspiracy, intentional infliction of emotional distress and violation of the 8th, or in the alternative, 14th, amendment. Now, Plaintiff seeks an order allowing entry onto Macomb County Jail premises to videotape the Plaintiff's unit and cell. Plaintiff's counsel intends to show the videotape to the jury during trial.

### III.   APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure ("FRCP") 34 governs a party's request to enter upon designated land or property "for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." FRCP 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." If a party refuses to permit requested discovery that is relevant and not otherwise subject to privilege, the requesting party may seek an order compelling discovery. FRCP 34; 37(a)(2)(B). The burden then rests upon the objecting party to show why a particular discovery request is improper. *E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996). "Once an

objection to the relevance of the information sought is raised, the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action." *Allen v. Howmedica Leibinger, Inc.,* 190 F.R.D. 518, 522 (W.D. Tenn. 1999)(quoting *Andritz Aprout-Bauer, Inc. V. Beazer East, Inc.*, 174 F.R.D. 609, 631 (M.D. Pa. 1997)).

Relevancy, for the purposes of discovery, is defined broadly, although it is not without "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). FRCP 26(b)(2) provides the Court with the authority to limit any discovery that is "unreasonably cumulative from some other source that is more convenient, less burdensome, or less expensive." The Court also has the authority to narrow the scope of discovery and confine discovery to the claims and defenses asserted in the pleadings and define the actual scope of discovery to the reasonable needs of the action. *E.E.O.C., et al. v. United States Bakery*, 2004 U.S. Dist. Lexis 11350 (D. Or. 2004).

Plaintiff asserts that he requested Defendant's permission to enter the premises of the Macomb County Jail for the purpose of videotaping the area where Plaintiff's alleged assault occurred. Because his request was denied by the County of Macomb, Plaintiff relies upon FRCP 37(a) in asking the court to compel such discovery. Defendants object to the relevancy of the discovery. Therefore, Plaintiff bears the burden of demonstrating that his request is relevant to the subject matter of the pending action. *Allen*. Plaintiff contends that videotape discovery of the Macomb County Jail premises, specifically the interior of the 'D' unit and cell 8D4, is indeed relevant to his claim against the Defendants. Thus, Plaintiff requests that an order compelling such discovery be granted. For the reasons stated below, the Court agrees.

Plaintiff concedes that Defendants have already provided him with an opportunity to "walk-thru" the 'D' unit and into Plaintiff's former cell, 8D4, where the alleged assault occurred. Plaintiff's counsel has also been provided with a videotape that captures events occurring from the vantage point of six different security cameras at the time of the alleged assault, including the entry and exit of the Defendants to and from the 'D' unit. However, the videotape does not show the interior of the 'D' unit, or the interior of the 8D4 cell. This is because none of the security cameras in the jail gives a view of the interior of any units or individual cells. Plaintiff correctly asserts that the interiors of the 'D' unit and 8D4 cell are relevant to his claim. According to witness testimony, the alleged assault and battery occurred in the short period between the time Defendants entered and exited the "D" unit and 8D4 cell. Plaintiff states that the walk-thru of the unit and cell confirmed the areas in question to be quite small. The requested videotape would clearly depict the size and layout of these particular areas and thereby make the alleged conduct more or less probable. Thus, Plaintiff has met his burden of relevancy.

Defendants contend that the proposed videotape would be cumulative because Plaintiff has already been provided with a videotape of the night in question. This assertion is without merit, however, because that particular videotape's footage does not display the areas where the alleged incident occurred.

Defendants also contend that allowing a videographer into the jail facility will be burdensome. This argument also fails. The area that is to be videotaped is rather small and would only take a short period of time. Moreover, the videotaping would merely require the same security measures that were taken at the time of Plaintiff's "walk-thru." During the walk-thru, the 'D' unit inmates had to "lock-down" in their cells and the inmate housed in cell 8D4 simply had

to sit at an adjacent table.  The entire process took just 15 minutes and can hardly be considered "burdensome."

Lastly, Defendants assert that Plaintiff only wishes to play on the sympathy of the jury by showing the conditions of jail life and therefore the purpose of his videotape request is prejudicial.  This argument carries little weight as Plaintiff's proposed videotape will only depict the <u>empty</u> "D" unit and 8D4 cell.  Moreover, Plaintiff agreed to enter into a protective order to ensure that the tape is utilized strictly for trial purposes.  Even if the videotape revealed embarrassing conditions of the Macomb County Jail, it would not be prejudicial to the Defendants in the present action.  The Plaintiff is not suing the Sheriff's Department, but three officers in their individual capacities.

Important to the Court's consideration of all the issues involved in this request, is the fact that the Sheriff's Department itself has allowed photographs depicting the jail, and prisoners, to be printed in the Macomb Daily.  This makes any defense argument of disruption, safety risks or burden, unavailing. Defendant should have no qualms with the Plaintiff's request.

In light of the foregoing, the Court finds that the videotape requested by the Plaintiff is relevant to his claim and not burdensome or prejudicial  to Defendants.  Therefore, Plaintiff's Motion for Order Allowing Entry Onto Non-Party's Premises to Videotape Limited Interior Area of Premises will be granted.

## IV.    CONCLUSION

The Court **GRANTS** Plaintiffs Motion for Order Allowing Entry Onto Non-Party's Premises to Videotape Limited Interior Area of Premises.  The parties are to present an agreed upon protective order.

**IT IS SO ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 10, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 10, 2005.

s/Linda Vertriest
Deputy Clerk