UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DIAZ,

        Plaintiff,        CASE NUMBER: 05-70928
                                HONORABLE VICTORIA A. ROBERTS

v.

ANTHONY ROMITA, BRIAN
SYWAK, and ERIC OKE.

        Defendants.
_____/

## AMENDED ORDER

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's motion for costs and attorney's fees, pursuant to 42 U.S.C. § 1988. For the following reasons, the Court **GRANTS** Plaintiff's motion, but reduces the amount requested.

**II.   BACKGROUND**

William Diaz ("Plaintiff") sued Anthony Romita, Brian Sywak, and Eric Oke ("Defendants"), correctional officers, for injuries he allegedly suffered as an inmate at Macomb County Jail. Plaintiff alleged: (1) Eighth Amendment Excessive Force by Defendants Romita and Sywak; (2) conspiracy to interfere with civil rights against all Defendants; (3) battery by Romita and Sywak; (4) conspiracy/concert of action by Romita and Sywak; (5) intentional infliction of emotional distress; (6) assault; and (7) assault and battery.

1

Specifically, Plaintiff asserted that while incarcerated in the Macomb County Jail, Romita and Sywak entered his cell and assaulted him. Plaintiff also alleged that Oke conspired and acted in concert with Romita and Sywak by overriding the electronic security system, which allowed access to Plaintiff's cell.

Defendants filed a motion for summary judgment. This Court granted the motion in part and dismissed Plaintiff's claims of assault, assault and battery, and intentional infliction of emotional distress. Plaintiff proceeded to trial on his claims of civil conspiracy in violation of 42 U.S.C. § 1983; conspiracy in violation of 42 U.S.C. § 1983; battery; and concert of action. The jury found that Romita used excessive force against Plaintiff and awarded damages in the amount of $2,000.00. However, the jury did not award punitive damages and found "no cause of action" as to the remaining claims against Romita, Sywak, and Oke.

Plaintiff seeks attorney's fees and costs in the amount of $82,500.00. He provides documentation for 330 hours spent in the prosecution of this litigation. Defendant Romita ("Defendant") objects on several grounds.

### III.   ANALYSIS

#### A.   Fee Analysis

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*

2

*v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir.1978)). In *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), the Supreme Court explained that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiff[]." *Id.* at 111-12; *see Citizens Against Tax Waste v. Westerville City School [ Dist. Bd. of Educ.]*, 985 F.2d 255, 257-58 (6th Cir.1993). A party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success. *Granzeier v. Middleton*, 173 F.3d 568, *577 (6th Cir. 1999).

Plaintiff's Eighth Amendment excessive force claim was essential to the litigation, and the jury's finding that Romita violated Plaintiff's civil rights is "actual relief on the merits of [his] claim [that] materially alters the legal relationship between the parties . . . in a way that directly benefits . . . [P]laintiff[]." Therefore, he is entitled to reasonable attorney's fees under 42 U.SC. § 1988. The question, however, is whether $82,500.00 is reasonable.

### B.    REASONABLE RATE

"The primary concern in an attorney fee case is that the fee award is reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)(citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). To determine if a fee is reasonable, Courts use the "lodestar" method: "the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate, producing a lodestar figure; the court can then adjust this figure to reflect the degree of success obtained." *Granzeier v. Middletown*, 173 F.3d 569, 577 (6th Cir. 1999); *see Building Service Local*

*47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401(6th Cir. 1995) ("It is well settled that the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees."). As a guideline, Courts look to the prevailing market rate, which is defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *See Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

Plaintiff contends that his market rate of $250 per hour is reasonable. In support, he presents the 2003 State Bar of Michigan 'Economics of Law Practice,' which states that the "mean" average, hourly rate for an attorney with 15-19 years experience was $190.00. Because he has almost 20 years experience and specializes in civil rights litigation, Plaintiff's attorney contends that $250 per hour is reasonable and his customary rate. In an affidavit, Plaintiff's counsel also mentions that he litigated noteworthy employment discrimination and police misconduct cases over the years. Defendant does not object to the hourly rate.

The Court finds that given the market rate and Plaintiff's counsel's experience, an hourly rate of $250.00 is reasonable. Applying this rate to Plaintiff's counsel's estimated 330 hours of work, the total attorney fee would be $82,500.00. There is a "strong presumption" that this figure represents a reasonable fee. *Grandview Raceway*, 46 F.3d at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1984). Yet, "the product of reasonable hours times a reasonable

rate does not end the inquiry.  There remain other considerations that may lead the [ ] court to adjust the fee upward or downward. . . ."  *Id.* at 1402.

### C.    NOMINAL DAMAGES AND PARTIAL SUCCESS

Defendant argues that $82,500.00 is an unreasonable attorney fee because Plaintiff did not prevail on all of his claims and received only a nominal damage award.  Defendant asserts that Plaintiff's motion should be denied or reduced to reflect his limited recovery.  Plaintiff contends that the amount of hours would have been the same regardless of the number of claims or Defendants he prevailed against.

#### 1.    Nominal Damages

Defendant's argument that Plaintiff should not be awarded any fees because the jury only award nominal damages is unavailing.  Although the damages award was significantly less than requested, it was not nominal.  Even in nominal damages cases, Courts exercise discretion to award fees based on the degree of success obtained.  *Farrar*, supra, at 113.  However, this is not a nominal damage case; the jury awarded Plaintiff $2,000.00.  He is entitled to attorney's fees.

#### 2.    Partial Success

The Supreme Court held that "[i]f . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."  *Hensley*, 461 U.S. at 436.

It is undisputed that Plaintiff received limited success - he prevailed only on his

5

Eighth Amendment claim against Romita, and not on any of his claims against Romita, Sywak, or Oke.

Defendant argues that if any award is given the following fees should be omitted: (1) $1,925.00 for work related to polygraph test results; (2) $2,000 for legal research on claims dismissed at summary judgment; (3) $3,150 for communications with FBI agents regarding Plaintiff's request for an investigation; (4) $400.00 for communications regarding a lien on any fees recovered; and (5) $8,375 for time spent responding to Defendant's Motion for Summary Judgment.  Although Defendant admits that a number of these entries include time for tasks related to the claim on which Plaintiff prevailed, he argues, nevertheless, that the fee should be reduced by the total amount because Plaintiff failed to segregate the time spent on each task.

In *Hensley*, the Supreme Court held that "hours devoted to unsuccessful claims should be subtracted from the number of hours reasonably expended on the case as a whole. *Hensley*, 461 U.S. at 435.  This, however, is not an easy task in complicated civil rights cases that often involve overlapping factual issues and related legal theories. I*d.*  Recognizing this difficulty, the Sixth Circuit instructs courts to not reduce attorney fees based on a simple ratio of successful claims to claims raised.  *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160 (6th Cir. 1996); *see Hensley*, 461 U.S. at 435 n.11 ("Such a ration provides little aid in determining what is a reasonable fee in light of all the relevant factors.  Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested.").  Rather when claims are based on common facts or related legal theories, Courts are not to treat the claims as distinct or reduce the costs for work done on related, but unsuccessful claims.  *Id.*

6

As noted by the Supreme Court, "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 416 U.S. at 436-37.

Defendant argues that the Court should exclude the specific time entries listed above. Plaintiff brought claims of excessive force, assault, battery, conspiracy, and concert of action. All of his claims arose out of a common core of facts and a common course of conduct: the alleged assault and battery on Plaintiff while in his cell. Although Plaintiff asserted different legal theories against each of the Defendants, the unsuccessful claims were not "entirely distinct and separate" from the successful claims. In such situations, *Hensley* directs the Court to not exclude all work done on the grounds that it was unrelated to the successful claim. For example, the work done in response to Defendants' Motion for summary judgment, although unsuccessful, was not wholly unrelated to the claim on which Plaintiff succeeded.

The manner by which deductions are taken is in the sole discretion of the trial court. *Hensley*, 461 U.S. at 436-37. Applying the analysis mandated by *Hensley*, this Court finds that a reduction for Plaintiff's lost and abandoned claims is not warranted. Plaintiff's claims were all related to the alleged assault and based upon a common core of facts and legal theories. Because the facts and theories were so intertwined, it would be extremely difficult for this Court to divide the hours spent on a claim-by-claim basis. The Court declines to do so.

### D. TIME ENTRIES

However, the Court will reduce the award for Plaintiff's inclusion of unrelated

matters and failure to segregate billing entries. Many billing entries consist of clustered activities, and no specification of how much time was spent on each activity.

It is the responsibility of the applicant to make separate time entries for each activity. *Tri-Star Pictures, Inc. v. Unger*, 42 F.Supp.2d 296, 305 (S.D.N.Y. 1999). It is difficult, if not impossible, for a court to determine the reasonableness of the time spent on each of the individual services or tasks when an applicant lumps several services or tasks into one time sheet entry. *Id.* Many Courts, including the Sixth Circuit, disfavor lumping and have upheld reduction of fees to ensure the reasonableness of the award. *See Central Benefits Mut. Ins. Co. v. Blue Cross Blue Shield Assoc.*, 983 F.2d 1065 (6th Cir. 1992).

Although Plaintiff's billing entries may not be "lumped," some are confusing. Several entries list three or more activities without specifying how much time was spent on each task. To assess the reasonableness of the time spent on each activity, the Court would have to guess as to how much time was actually spent on each. The Court declines to do this.

Further, within these clustered entries, there are several entries and references to unrelated matters. Plaintiff includes entries for communications with FBI agents regarding Plaintiff's request for an investigation, for communications regarding a lien on any fees recovered, and work related to polygraph test results. Defendant argues that all of these entries were either improper or unrelated to the litigation.

Plaintiff's counsel communicated with FBI agents regarding their investigation of the alleged incident. Upon completion of the investigation, the FBI agents filed reports and submitted an affidavit to Defendant stating their reasons for not pursuing a criminal

8

investigation.  Although the FBI was primarily focused on criminal and not civil prosecution, the Court finds that fees incurred by Plaintiff's counsel in following the investigation were reasonably related to the civil litigation; inclusion of these fees was not improper.

On the other hand, the Court finds that a reduction is warranted for the fees incurred for work on the state court lien filed.  Because Plaintiff allegedly failed to pay child support, a lien was filed against any judgment obtained in this litigation.  Counsel's work in connection with this is not related to this litigation; the Court will not include these fees in the award.  This entry is listed as $400.00.

Similarly, the fee award will not include fees spent on Plaintiff's polygraph test.  Defendant asserts that the inclusion of fees related to the polygraph test is improper because Plaintiff conceded that the results were inadmissible at trial.  Despite Defendant's contentions, whether certain documents or witnesses are ultimately presented at trial is not the inquiry for determining whether fees expended were reasonable.

Admittedly, it is unlikely that the polygraph test results would have been admissible.  The Sixth Circuit disfavors the admission of polygraph evidence at trial and has repeatedly asserted that "unilaterally obtained polygraph evidence is almost never admissible under [Federal Rule of Evidence] 403 . . . ."  *United States v. Sherlin*, 67 F.3d 1208, 1216 (1995).  Plaintiff does not explain why this expense was reasonable given the likelihood of its inadmissibility and the significant costs incurred, approximately

9

$1,325.00.[1]

The Court finds this excessive for evidence that is not admissible. Therefore, the fee award will be reduced. Because Plaintiff did not make any effort to specify how much time was related to the polygraph-- as opposed to other entries on the same date, the Court will reduce the award by $1,325.00.

Per *Hensley*, the Court is neither obliged or inclined to sift through lumped billing entries when a party fails to provide sufficiently detailed records as to how much time was spent on each task. To further insure the reasonableness of the award – based on Plaintiff's limited success – the Court begins its reduction by simply reducing the amount requested by 25%.

## IV.   SUMMARY

As set forth below, the Court reduces Plaintiff's attorney's fees to a total of $60,150.00 as follows:

| | |
|---|---|
| Initial request | $ 82,500.00 |
| less limited success reduction (25%) | ($20,625.00) |
| less lien fees | ($    400.00) |
| less polygraph fees | ($ 1,325.00) |
| TOTAL: | $ 60,150.00 |

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application for fees and costs, with the above reductions.

---

[1] Defendant listed this amount as $1,925.00. However, the Court reviewed the entries and found that Defendant miscalculated the amount by including an entry on January 31, 2005 for $100.00, which is not in the bill. Defendant also erroneously double counted an entry on February 10, 2005 for $500.00.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  March 22, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 22, 2007.

S/Linda Vertriest
Deputy Clerk

---